No. 12-0774        *Wayne A. LeMasters and Mary Joan LeMasters v. Nationwide Mutual Insurance Company.*

**FILED**

**November 18, 2013**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, J., dissenting:

In this case, the Majority opinion found that the circuit court correctly concluded that a plaintiff who prevailed in an action against an insurer alleging a violation of the Unfair Trade Practices Act ("UTPA") was not entitled to attorney's fees incurred in litigating the UTPA action. This conclusion is based upon flawed reasoning and overrules precedent established by this Court in *Jenkins v. J.C. Penney Casualty Insurance Co.*, 167 W. Va. 597, 280 S.E.2d 252 (1981), *overruled on other grounds by State ex rel. State Farm Fire & Casualty Co. v. Madden*, 192 W. Va. 155, 451 S.E.2d 721 (1994), and its progeny. Accordingly, I dissent.

The Majority opinion discussed *Jenkins*, along with *Dodrill v. Nationwide Mutual Insurance Co.*, 201 W. Va. 1, 491 S.E.2d 1 (1996), and concluded that those cases stand for the proposition that "attorney fees [are] awardable *only* for fees 'incurred in the underlying action against a tortfeasor.'" *Majority Slip. Op.* at 12 (quoting *Dodrill*, 201 W. Va. at 16, 491 S.E.2d at 16) (emphasis added). Based upon this misled conclusion, the Majority erroneously reasoned that attorney's fees incurred in pursuing the subsequent UTPA claim may not be awarded. An examination of these cases demonstrates the Majority's error.

1

*Jenkins* is a landmark case in which this Court established a private cause of action for violations of the UTPA: "An implied private cause of action may exist for a violation by an insurance company of the unfair settlement practice provisions of W. Va. Code, 33-11-4(9); but such implied private cause of action cannot be maintained until the underlying suit is resolved." Syl. pt. 2, *Jenkins*, 167 W. Va. 597, 280 S.E.2d 252. In discussing the need to resolve the underlying direct action against an insurance company prior to pursuing a related UTPA claim, the *Jenkins* Court observed that resolution of the underlying claim is necessary to ascertain the amount of reasonable damages that may be recovered in the UTPA claim. The *Jenkins* Court elaborated that damages in a *Jenkins* claim should not duplicate damages obtained in the contract claim against the insurer and further commented that attorneys fees are recoverable:

> [w]e do not attempt to delineate the entire damage issue on a statutory claim but it obviously does not serve to replicate the damages obtained in the underlying claim. Certainly, increased costs and expenses including the increase in attorney's fees resulting from the failure to offer a prompt fair settlement could be recovered. In an appropriate case, punitive damages may be recovered.

167 W. Va. at 609 n.12, 280 S.E.2d at 259 n.12. *Accord McCormick v. Allstate Ins. Co.*, 197 W. Va. 415, 423, 475 S.E.2d 507, 515 (1996) ("A prevailing plaintiff in a *Jenkins* claim may recover his increased costs and expenses, including increased attorney fees, resulting from the insurance company's use of an unfair business practice in the settlement or failure to settle fairly the underlying claim."). The Court's declaration that "increased costs and

2

expenses *including the increase in attorney's fees* resulting from the failure to offer a prompt fair settlement could be recovered,"[1] is clearly intended to include the cost of pursuing the UTPA claim.

I am further persuaded that this interpretation is correct insofar as the availability of attorney's fees for the underlying claim are governed by this Court's holdings in *Hayseeds, Inc. v. State Farm Fire & Casualty*, 177 W. Va. 323, 352 S.E.2d 73 (1986) and *Marshall v. Saseen*, 192 W. Va. 94, 450 S.E.2d 791 (1994).[2] Pursuant to *Hayseeds* and *Marshall*, an award of attorney's fees incurred in the underlying suit is dependent upon a finding that the plaintiff *substantially prevailed*. A different standard is applied to obtain

---

[1]*Jenkins*, 167 W. Va. at 609 n.12, 280 S.E.2d at 259 n.12 (emphasis added).

[2]In Syllabus point 1 of *Hayseeds, Inc. v. State Farm Fire & Casualty*, 177 W. Va. 323, 352 S.E.2d 73 (1986), this Court held that "[w]henever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience."

This holding was subsequently extended to apply specifically in the context of uninsured and underinsured motorist claims in Syllabus point 6 of *Marshall v. Saseen*, 192 W. Va. 94, 450 S.E.2d 791 (1994):

> When a policyholder of uninsured or underinsured motorist coverage issued pursuant to W. Va. Code, 33-6-31(b) substantially prevails in a suit involving such coverage under W. Va. Code, 33-6-31(d), the insurer issuing such policy is liable for the amount recovered up to the policy limits, the policyholder's reasonable attorney fees, and damages proven for aggravation and inconvenience.

3

attorney's fees in connection with a UTPA claim. To succeed in a UTPA claim, and thereby

become entitled to an award of reasonable attorney's fees, a plaintiff must establish a

violation of the UTPA that arises from a general business practice of the insurer:

> The conditions and predicate for bringing a case under
> *Jenkins v. J.C. Penney Casualty Insurance Company*, 167
> W. Va. 597, 280 S.E.2d 252 (1981), are wholly different from
> those necessary for bringing an underlying contract action or for
> bringing an action under *Hayseeds, Inc. v. State Farm Fire &
> Casualty*, 177 W. Va. 323, 352 S.E.2d 73 (1986). Whereas
> under *Hayseeds* it is necessary that a policyholder substantially
> prevail on an underlying contract action before he may recover
> enhanced damages, under *Jenkins* there is no requirement that
> one substantially prevail; it is required that liability and damages
> be settled previously or in the course of the *Jenkins* litigation.
> *Jenkins* instead predicates entitlement to relief solely upon
> violation of the West Virginia Unfair Trade Practices Act,
> W. Va. Code § 33-11-4(9), where such violation arises from a
> "general business practice" on the part of the insurer.

Syl. pt. 9, *McCormick v. Allstate Ins. Co.*, 197 W. Va. 415, 475 S.E.2d 507.

Furthermore, the facts of *McCormick*[3] dispel any doubt as to whether a plaintiff

is entitled to seek reasonable attorney's fees expended in a successful *Jenkins* action. The

trial court in *McCormick* bifurcated the trial. The *Hayseeds* issues were tried first and the

*Jenkins* issues were to follow. In the *Hayseeds* portion of the bifurcated trial, the circuit

court found that, because the plaintiff's recovery in the underlying suit against the insurance

company was significantly less than what the plaintiff had initially demanded, the plaintiff

---

[3]Justice Albright authored both *Jenkins* and *McCormick.*

did not substantially prevail and, therefore, was not entitled to pursue attorney's fees and punitive damages. Based upon this ruling, the trial court additionally refused to allow the plaintiff to proceed to trial on the *Jenkins* issues. On appeal, this Court affirmed the circuit court's conclusion that the plaintiff was not entitled to attorney's fees under *Hayseeds*. However, the Court found that the circuit court erred in refusing to allow the *Jenkins* claims to proceed. Accordingly, the case was remanded for additional proceedings on the *Jenkins* claims. Specifically, this Court commented that:

> Pursuit of the *Jenkins* claim . . . will afford full opportunity to litigate the substance of the remaining issues that were not adequately addressed during the first phase trial had below, including, . . . *whether appellant should be awarded attorney fees for vindicating his Jenkins-type claim and, if so, in what amount*.

*McCormick*, 197 W. Va. at 428, 475 S.E.2d at 520.

Finally, I note that the Majority's reliance on *Dodrill v. Nationwide Mutual Insurance Co.*, 201 W. Va. 1, 491 S.E.2d 1, is misleading. The Majority asserts that "[i]n *Dodrill*, we clarified the fee issue, stating that attorney fees were awardable *only* for fees 'incurred in the underlying action against a tortfeasor.'" Maj. Slip. Op. at 12 (second emphasis added). The Majority's assertion that *Dodrill* limited the attorney's fees that may be recovered to *only* those incurred in the underlying action is simply wrong. *Dodrill* contained no such limitation. Rather, the issue in *Dodrill* was whether the plaintiff was entitled to an award of his attorney's fees that had been incurred in the underlying action.

5

The *Dodrill* Court stated that "[i]n note 12 of our opinion in *Jenkins*, we addressed briefly some elements of damages recoverable in a claim of the nature before us, and we clearly sanctioned the recovery of attorney fees and costs incurred in the underlying action against a tortfeasor." *Dodrill*, 201 W. Va. at 16, 491 S.E.2d at 16. Thus, while *Dodrill* does opine that the recovery of attorney's fees incurred in the underlying action against the tortfeasor is available under *Jenkins*, *Dodrill* in no way limited the recovery to *only* those attorney's fees.

In the instant case the plaintiffs prevailed in their UTPA claims, and, thus, they should have been awarded their reasonable attorney's fees incurred in pursuing those claims. For the reasons stated above, I respectfully dissent. I am authorized to state that Justice Workman joins me in this dissenting opinion.